

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00642-CV

Rey **ROJAS-SILVA**,
Appellant

v.

The **STATE** of Texas for the Protection of Lorena Rojas,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-06892
Honorable Jason Pulliam, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  September 10, 2014

AFFIRMED

Rey Rojas-Silva appeals a protective order entered by the trial court asserting: (1) the trial court erred in failing to enter findings of fact and conclusions of law; and (2) the evidence is legally insufficient to support the trial court's findings that family violence had occurred in the past and was likely to occur in the future. We affirm the trial court's order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A trial court is required to file findings of fact and conclusions of law within twenty days after a timely request is filed. TEX. R. CIV. P. 297. If the trial court fails to file findings of fact

and conclusions of law in response to a timely request, the party making the request must file a "Notice of Past Due Findings of Fact and Conclusions of Law" within thirty days after filing the original request. *Id*. "If a party does not file a notice of past due findings of fact and conclusions of law when required, it is as if no initial request was made and the complaint about the trial court's failure to file findings and conclusions is waived." *In re A.I.G.*, 135 S.W.3d 687, 694 (Tex. App.—San Antonio 2003, no pet.).

In this case, the trial court signed the order in the underlying cause on July 3, 2013, and Rojas-Silva filed a timely request for findings of fact and conclusions of law on July 25, 2013. The record, however, does not contain a notice of past due findings of fact and conclusions of law. In fact, appellant's notice of appeal expressly acknowledges, "Appellant filed a timely request for Findings of Fact and Conclusions of Law, however, was not timely in filing the Notice of Past Due Findings of Fact [and] Conclusions of Law." Accordingly, Rojas-Silva's first issue is waived.

### SUFFICIENCY

In order to enter the protective order in the instant case, the trial court was required to find that family violence had occurred in the past and is likely to occur in the future. TEX. FAM. CODE ANN. § 85.001 (West 2014). "Family violence" is defined as "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault." *Id*. at § 71.004(1). Rojas-Silva contends the evidence is legally insufficient to support these findings.

"When a party who does not have the burden of proof at trial challenges the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor and disregarding contrary evidence unless a reasonable fact-finder could not." *Boyd v. Palmore*, 425 S.W.3d 425, 429 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d

802, 827 (Tex. 2005)). The trial judge is the sole judge of witnesses' credibility and may choose to believe one witness and disbelieve another. *City of Keller*, 168 S.W.3d at 819. "Oftentimes, past is prologue; therefore, past violent conduct can be competent evidence which is legally and factually sufficient to sustain the award of a protective order." *In re Epperson*, 213 S.W.3d 541, 544 (Tex. App.—Texarkana 2007, no pet.).

The applicant for the protective order was Rojas-Silva's wife, Lorena Rojas. At the hearing on the application on June 13, 2013, Lorena testified that while she was holding their baby, Rojas-Silva "started pushing [her], and then pushed [her] to the door. He grabbed [her] by the arms [and] by the neck." Lorena called 911, and Rojas-Silva was arrested and incarcerated as a result of the incident which occurred in 2009. After Rojas-Silva returned home, Lorena testified that Rojas-Silva continually forced her to have sex with him against her will up until a few days before she left on April 4th or 5th of 2013. Lorena stated that Rojas-Silva would drag her to the room as she tried to hold onto doors. Lorena stated this would occur at least once a month after Rojas-Silva was released from jail in 2009. Lorena further testified that Rojas-Silva would often punch her and push her "[e]very time he had a chance." In addition to the child Lorena and Rojas-Silva had together, Lorena had two other daughters who lived with them. Lorena testified that Rojas-Silva also had hit the children. Lorena testified that she is afraid of Rojas-Silva and also fears for her children because Rojas-Silva continues to threaten her.

Shawn Corley, an investigator with child protective services, was assigned to investigate the Rojas family on April 26, 2013, based on allegations of past domestic violence and neglect. Corley stated that Rojas-Silva and Lorena's child, who was five at the time of the hearing, informed her that Rojas-Silva had previously hit him on his lower back region. One of Lorena's daughters also stated that Rojas-Silva had smacked her in the back. Corley stated that Rojas-Silva was

arrested in October of 2009 for an assault causing bodily injury to a family member and served forty-two days after being convicted of the offense.

Rojas-Silva admitted that he engaged in an assault/bodily injury in October of 2009; however, he testified that he never had problems with Lorena after that incident and denied that Lorena refused to have sex with him. He also testified that Lorena was arrested for assault/bodily injury in October of 2012, and he was the victim. Rojas-Silva further testified that he had never spanked his son.

Deferring to the trial court's assessment of the credibility of the witnesses, the evidence is legally sufficient to support the trial court's findings that family violence had occurred in the past and is likely to occur in the future. *See In re Epperson*, 213 S.W.3d at 544.

## CONCLUSION

The trial court's order is affirmed.

Catherine Stone, Chief Justice